IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JEFFREY GIBSON, | : | 1:13-cv-1904 |
|---|---|---|
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| PRESIDENT OF THE UNITED STATES, | : | |
| Defendant. | : | |

# MEMORANDUM

### August 1, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 5), filed July 15, 2013, recommending that we grant the Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), but ultimately dismiss the complaint as frivolous. Plaintiff filed objections to the R&R on July 26, 2013. (Doc. 6). Accordingly, this matter is ripe for our review. For the reasons set forth below, the R&R shall be adopted in its entirety.

**I.      STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    FACTUAL BACKGROUND

*Pro se* Plaintiff Jeffrey Gibson filed this matter (Doc. 1) and a Motion for Leave to Proceed *in forma pauperis* on July 12, 2013. (Doc.2). Within his pleading, Plaintiff claims the President of the United States has misused the power of his office through various presidential orders. (Doc. 1). Plaintiff seeks an order on behalf of himself "invoking U.S. constitutional martial status," and issuance of a "Declaration of Independence Citizen Warrant."[1] *Id.* For the reasons that follow, we shall adopt the Magistrate Judge's recommendation that the Plaintiff's motion

---

[1]Constitutional Marshal Status is unknown in the laws of the United States, though it has been raised by Plaintiff Gibson in many of the 28 actions filed by Gibson in federal court. (Doc. 5, pages 1-2). A Declaration of Independence Citizen Warrant is similarly absent from such laws.

2

for leave to proceed *in forma pauperis* be granted, (Doc. 5), however, the complaint shall be dismissed as frivolous.

## III. DISCUSSION

We are obligated to review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915A. Under §1915A, the court shall dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted". 28 U.S.C. §1915A(b)(1). The statutory text of §1915A echoes Federal Rules of Civil Procedure Rule 12(b)(6), which states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To bring a legally sufficient complaint, a plaintiff must show, based on factual allegations accepted to be true, that he is plausibly entitled to relief, through a "short and plain" statement of a cause of action. See *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); Fed. R. Civ. P. 8(a). Factual allegations must be sufficient to raise the right to relief above a speculative level; conclusions, labels and a bare recitation of the elements is insufficient. *Twombly*, at 555.[2]

---

[2] The Magistrate Judge provides a thorough discussion of the Standard of Review applied to 28 U.S.C. §1915A, Rule 12(b)(6) and Rule 8(a) at pages 2 to 6 of his report. Thus we have only highlighted the Rule's threshold requirements herein.

Plaintiff's claim fails here for a variety of reasons, each independently sufficient to dismiss the complaint. A complaint is subject to dismissal if the cause of action is reliant on "fantastical or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009). Plaintiff's invocation of "constitutional marshal status" and his sought relief of a "Declaration of Independence Citizen Warrant" are quite obviously grounded more in the fantasy than reality. (Doc.1). Plaintiff's complaint must additionally be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff's allegations are "so attenuated and unsubstantial as to be absolutely devoid of merit,...wholly insubstantial,...obviously frivolous.." and must be dismissed under Rule 12(b)(1). *Hagans v. Lavine*, 415 U.S. 528, 536-38 (1974). Finally, Plaintiff's complaint does not meet the touchstones of Federal Rule of Civil Procedure Rule 8(2)(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(2)(a). Plaintiff's complaint is largely unintelligible and incomprehensible, and a dismissal of the complaint is clearly appropriate. *See Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Furthermore, Plaintiff's complaint must be dismissed as it is so unclear, that the Defendant would have "to guess what of the many things discussed constituted [a cause of

action]." *See Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011).

Within his objections Plaintiff seeks to save his claim by reiterating assertions found within his original complaint and warning of an impending war entitled "the United National and Russia and Civil War." While Plaintiff is certainly passionate about the President's alleged wrongdoing, his claims are frivolous and he fails to state a claim upon which relief can be granted. Furthermore, as explained by Magistrate Judge Carlson, Plaintiff has a lengthy history of frivolous litigation, which continues to this suit. As such, granting further leave to amend would be futile and his complaint shall be dismissed with prejudice.

An appropriate order shall issue.